UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| EL TOVAR INCORPORATED, | ) | |
| | ) | Case No. 14-45638 |
| Debtor. | ) | |
| | ) | Chapter 11 Proceeding |
| | ) | |
| | ) | MOTION FOR DISMISSAL OR |
| | ) | SUSPENSION OF |
| | ) | PROCEEDING PURSUANT TO |
| | ) | 11 U.S.C. §305(a)(1), OR |
| | ) | ALTERNATIVELY DISMISS |
| | ) | PURSUANT TO 11 U.S.C. |
| | ) | §1112(b) |
| | ) | |
| | ) | Wendi Alper-Pressman |
| | ) | Attorney for PNC Bank, N.A. |
| | ) | 7701 Forsyth Blvd., Suite 500 |
| | ) | St. Louis, MO 63105 |
| | ) | (314) 613-2800 |
| | ) | |
| | ) | Hearing Date:  July 18, 2014 |
| | ) | Hearing Time:  11:00 a.m. |

COMES NOW PNC Bank, National Association ("PNC"), by and through its attorneys, Lathrop & Gage, LLP, and for its Motion for Order Dismissing or Suspending the above captioned Chapter 11 case, pursuant to Sections 105(a), 305(a) and 1112(b) of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code") and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), respectfully states as follows:

**PARTIES**

1. PNC Bank, National Association ("PNC") is a national banking association.

2. El Tovar, Incorporated ("El Tovar" or "Debtor") is a corporation organized and existing under the laws of the State of Missouri.

3. Steven Parrish is an individual and resident of the City of St. Louis.

21952978v1

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 157(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409(a).

6. The statutory predicate for the relief requested in this Motion are Sections 105 and 305 of the Bankruptcy Code and Bankruptcy Rules 1017 and 9014.

**BACKGROUND**

7. The Debtor owns two small apartment buildings in the City of St. Louis.

8. Prior to the filing of this case, PNC extend a loan to El Tovar in the amount of $36,800.00 secured by the real estate located at 1853 Spring Avenue, St. Louis, MO, 3803 Shaw Boulevard, St. Louis, MO and 4226-28 Cleveland Avenue, St. Louis MO (the "Properties")

9. On June 6, 2013, PNC filed a complaint in the United States District Court for the Eastern District of Missouri, Case No. 4:13-CV-01973 ("District Court"), seeking among other things, the appointment of a receiver so as to ensure the orderly disposition of the Properties.

10. The right to appoint a receiver was after default was specifically negotiated for and agreed upon in the loan documents.

11. On November 4, 2013 the United States District Court for the Eastern District of Missouri, appointed SH Equities, LLC, (hereinafter, the "Receiver") as a qualified and suitable entity to serve as a receiver for the Properties (the "Receivership Order").

12. Since that date, SH Equities, LLC has managed the Properties.

13. The District Court has entered an Order approving the process for the sale of the Properties, the receiver complied with the Sale Order and held an auction on June 15, 2014.

14. The hearing to confirm the sale to the high bidder was scheduled for July 17, 2014, and the hearing date was vacated upon the filing of this proceeding.

2

21952978v1

15. The timing of the bankruptcy filing suggests that the only reason for filing this case was to prevent the legitimate efforts of the court appointed receiver to preserve and protect PNC's and sell the Properties pursuant to the provisions of 28 U.S.C. Sections 2001, 2002 and 2004, while Steven Parrish continues his efforts to thwart PNC's efforts at recovery.

16. Debtor's case should be dismissed under 11 U.S.C. §1112(b) on the grounds that there is a continuing loss to the estate, the inability to effectuate a plan and unreasonable delay which is unduly prejudicial to PNC.

## ARGUMENT

**I.   This Court should dismiss the Debtor's Petition or suspend all proceedings in this case pursuant to 11 U.S.C. § 305(a).**

11 U.S.C. § 305(a) grants the Court authority to dismiss a case if "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). Courts have examined various factors when determining whether dismissal is appropriate under § 305(a):

> (1) economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving the equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought.

*In re the Fax Station, Inc.*, 118 B.R. 176, 177 (D.R.I. 1990. "[T]he decision on whether to dismiss or suspend should be made on the facts of each individual case. . . . The focus on the individual facts of each case recognizes that the interests of the debtor and the creditors which must be weighed under § 305 are unique to each individual case." *In re Iowa Trust*, 135 B.R. 615, 621 (N.D. Iowa 1992).

Application of the *Fax Station* factors to the instant case demonstrates that dismissal of the Debtor's Petition is warranted. First, there is no evidence that this bankruptcy proceeding will be any more economical or efficient than permitting the Receiver to continue its management of the Properties and conclude the sale of said Properties. In fact, much of what has already been accomplished in terms of the sale of the Properties will likely be reversed by the Debtor, as it is clear to PNC and the Receiver that the bankruptcy proceeding is solely motivated by the desire to delay or prevent the sale and frustrate PNC's efforts at recovery. The Debtor and PNC negotiated for months regarding a consensual restructuring, and Debtor failed to execute the documentation presented. The Debtor filed this case to delay the very asset sales that PNC pressed for in the District Court litigation and at significant expense. The likelihood of a consensual reorganization under Section 1129(a) of the Bankruptcy Code is virtually nil, and confirmation of a plan over PNC's objection has little chance of success due to the stringent requirements of Section 1129(b) of the Bankruptcy Code. The pending receivership provides a more efficient process for the sale of the Properties. A sales process is already in place that will result in the maximum benefit for the only real stakeholder, PNC. The Receiver has extensive experience and has qualified and served as a fiduciary in many prior engagements. Furthermore, the Debtor had ample opportunity to object to the sales procedure proposed by the Receiver but failed to do so.

Second, another forum is available to protect the interests of creditors, and there has been a proceeding pending for more than a year in the federal District Court.[1] Third, while the continuation of the federal receivership is necessary for a just and equitable result for PNC, a bankruptcy is not a necessary nor, as set forth above, a productive proceeding. Fourth, if the

---

[1] Although the second *Fax Station* factor references a "state court" proceeding, the opinion gives no indication that a receivership pending in a state court should receive more deference than one pending in a federal court.

4

21952978v1

receivership continues, the Properties will be sold pursuant to the procedures established by the District Court and if the Debtor wanted to acquire the Properties he could have participated in the auction process. Fifth, while there is no non-federal insolvency that has proceeded so far that it would be costly and time consuming to start afresh with the bankruptcy process, the parties and the Court in the District Court action have expended a considerable amount of time and monetary resources over the last nine (9) months with the Receiver in place, an Order was entered allowing the sale of the Properties almost two (2) months ago, the auction sale was held on July 15, 2014 and the confirmation of sale was set for July 17, 2014. If this Court permits the bankruptcy to proceed, the resources expended in the District Court will be for naught. Finally, this Court should consider the purpose for which bankruptcy jurisdiction has been sought. As in *United States v. Vanguard Insurance Company, Inc.*, 667 F.Supp. 257 (M.D.N.C. 1987) the timing of the Debtor's Petition is indicative of its motivation for filing. The Debtor has shown, and can show no specific reasons why a proceeding in bankrutpcy would be fairer and more efficient than a receivership which has been pending for more than nine (9) months and where a sale procedure was approved without objection from the Debtor. It is clear that the bankruptcy filing is a blatant attempt by Debtor's principal to undermine the District Court's Orders following disappointment with the auction sale.

*In re First Financial Enterprises, Inc.*, 99 B.R. 751 (W.D. Tex. 1989) is instructive in this regard. The *First Financial* Court found that abstention under § 305(a) is appropriate in order to "prevent undue interference or entanglement with state or federal administrative or regulatory schemes" or "in a case in which an attempt is made to circumvent the Bankruptcy Code by doing indirectly what cannot be done directly, such as . . . the use of a Chapter 11 case **purely as a litigation strategy**." *Id.* at 754 (emphasis added). The Court found that "the obvious purpose of the filing of th[e] Chapter 11 case [was] **an attempt by the Debtor and its sole shareholder to**

5

21952978v1

**halt the state court receivership** and conservatorship of the Debtor's subsidiary insurance companies and take control of their assets." *Id.* at 754-55 (emphasis added). Because the filing of the bankruptcy was "a litigation tactic and an attempt to unfairly obtain leverage by the Debtor," the Court chose to abstain and dismiss the case pursuant to § 305.[2]

The timing of Debtor's filing of the Petition — almost nine (9) months after the Receiver was appointed, and the day of the confirmation of the sale of the Properties subject to the receivership demonstrates that it was filed purely as a litigation strategy. Its only purpose is to halt the District Court receivership and confirmation of the sale of the Properties. The Debtor did not object to the auction procedures, secure replacement financing to bid on the Properties at the auction, or seek additional investors to acquire the Properties, although the bidding procedure was established months ago, and there has been ample time to secure such financing or financial backers. Instead, the Debtor chose to file for bankruptcy in an effort to circumvent the receiver's sale of the Properties. The Debtor's Petition therefore should be dismissed pursuant to 11 U.S.C. § 305(a)(1).

**II.    This Court should dismiss the Debtor's Petition pursuant to 11 U.S.C. § 1112(b).**

The Petition in this case should also be dismissed pursuant to 11 U.S.C. § 1112(b) as the Petition was filed in bad faith. The Debtor has no chance at a successful reorganization or filing of a confirmable Chapter 11 plan, and the filing of this Petition was merely to harass and delay PNC. The Debtor has already shown that it is incapable of managing the Properties, having ignored condemnation orders by the city building inspector, likely concealed defects from utility inspectors and failed to pay taxes on the Properties. The Debtor has shown that it is incapable of

---

[2] *See also, In re Michael S. Starbuck, Inc.*, 14 B.R. 134, 135 (Bankr. S.D.N.Y. 1981); and *In re Iowa Trust*, 135 B.R. 615 (N.D. Iowa 1992) (court dismissed Chapter 7 petition filed by trustees so that the previously-appointed receiver could continue efforts already underway).

Case 14-45638    Doc 10    Filed 07/17/14    Entered 07/17/14 17:43:11    Main Document
Pg 7 of 8

raising new capital, replacement financing or negotiating the sales of the Properties to third parties, and thus PNC secured the appointment of a receiver pursuant to the terms of the loan documents.  The Receiver has secured numerous bids for the Properties, conducted the auction sale and, Debtor has commenced this proceeding to thwart the confirmation of the sale to the highest bidder.

WHEREFORE, PNC Bank, National Association prays that the court enter its order dismissing or suspending this case pursuant to  11 U.S.C. § 305(a)(1), or dismissing this case for bad faith pursuant to 11 U.S.C. § 1112(b), together with such other and further relief as the court deems just and proper.

Respectfully submitted,

**LATHROP & GAGE LLP**

/s/Wendi Alper-Pressman
Wendi Alper-Pressman  (32906MO)
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri  63105
Telephone:  314.613.2800
Telecopier:  314.613.2801

**Attorneys for PNC Bank, National Association**

7

21952978v1

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certified that a copy of the above document was served on all listed parties via the Court's CM/ECF system, or were otherwise served via first class mail, postage prepaid, on the 17th day of July, 2014 to the following:

| | |
|---|---|
| El Tovar, Incorporated | John Talbot Sant, Jr. |
| c/o Steven D. Parrish, Registered Agent | 1610 Des Peres Road |
| 2306 Kemm Street | Suite 100 |
| St. Louis, MO 63110 | St. Louis, MO 63131 |
| ***Debtor*** | tsant@affinitylawgrp.com |
| | ***Counsel for Debtor*** |

                                                                       /s/ Wendi Alper-Pressman

21952978v1